**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GISEL ZAVALA TORRES, | No. 19-72647 |
| Petitioner, | Agency No. A208-924-989 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Gisel Zavala Torres seeks review of the Board of Immigration Appeals'

("BIA") denial of her applications for asylum, withholding of removal, and

Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C.

§ 1252. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Substantial evidence supports denial of Zavala Torres's applications for asylum and withholding of removal. Zavala Torres argues that she faces future persecution on account of her membership in four particular social groups ("PSG"): (1) Mexican women in a domestic relationship who are unable to leave; (2) Mexican women who are viewed as property by virtue of their positions within a domestic relationship; (3) immediate family members of a sister who was seen as cooperating with police as a witness against cartels; and (4) daughter and granddaughter of landowners in Mexico. Even assuming that these four social groups can provide a basis for relief, the BIA denied Zavala Torres's applications for asylum and withholding of removal because she "did not demonstrate membership in her first two claimed particular social groups and did not demonstrate a reasonable possibility of persecution in Mexico owing to her putative membership in the third or fourth groups." The record does not compel a contrary result. Zavala Torres presented no evidence that she and her former partner ever lived together or formed a "domestic relationship" (PSG 1 and 2), nor did she present any evidence that anyone in her family was ever threatened for being an informant (PSG 3) or landowner (PSG 4). *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (denying relief when petitioners failed to demonstrate they would be "singled out on account of a protected ground").

2. Substantial evidence also supports denial of Zavala Torres's application

for CAT relief. While Zavala Torres believes that her boyfriend will rape her and cartels will attack her if she returns to Mexico, she has failed to present any evidence that the Mexican government would participate in or acquiesce to such torture against her. *See Hernandez v. Garland*, 52 F.4th 757, 769–70 (9th Cir. 2022) (government did not acquiesce to the sexual assaults by private actors where the petitioner did not make the police aware of the nature of attacks).

**PETITION DENIED.**